```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

**ESTATE OF JOHN WAYNE GILL and DEBBIE GILL**                **PLAINTIFFS**

**VS.**                          **CIVIL ACTION NO: 5:15-cv-54-DCB-MTP**

**PIKE COUNTY, MISSISSIPPI; DUSTIN BECK; ALLEN
FRYE; BRICE WILKINSON; ED SCHWING; ROGER
EDMONS; DARIUS COLEMAN; JEREMY MAGEE; and
JOHN DOES 1-5 in their individual capacities**          **DEFENDANTS**

## ORDER GRANTING MOTION TO DISMISS STATE LAW CLAIMS AND DENYING MOTION TO DISMISS FEDERAL CLAIMS

This cause is before the Court on Defendants', Dustin Beck, Darius Coleman, Roger Edmons, Allen Frye, Jeremy Magee, Pike County, Mississippi, Ed Scwing, and Brice Wilkinson, Motion to Dismiss State Law Claims **[docket entry no. 5]** and Defendants', Dustin Beck, Darius Coleman, Roger Edmons, Allen Frye, Jeremy Magee, Ed Scwing, and Brice Wilkinson, Motion to Dismiss Federal Claims **[docket entry no. 7].** Having considered the motions and responses, the applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Factual and Procedural History[1]

On September 19, 2014, deputies from the Pike County Sheriff's Department responded to a 911 call at the home of Kathy Walker.

---

[1] The facts in this opinion are taken from the Complaint.

1

Walker called 911 to obtain medical assistance for Plaintiff John Wayne Gill "after he fell to the ground during his visit with [Walker] that evening." Compl. ¶ 14. When the deputies arrived, Gill "was found sitting in a chair near Ms. Walker's front door." Compl. ¶ 15. Walker could not hear whether Gill spoke to the deputies, but she heard the deputies yelling at Gill. Walker then informed the deputies that Gill needed immediate medical attention. She made clear to them that "she was not calling them because of a disturbance, but, rather, she made the call in order to get [Gill] medical attention." Compl. ¶ 15. The deputies arrested Gill for disorderly conduct and transported him to the Pike County Jail.

Shortly after he was incarcerated, Gill "began begging for help and constantly requesting that the jailers call 911 or an ambulance because he was having severe chest pains and problems breathing. . . ." Compl. ¶ 18. In response, "the Pike County Jailers rushed into [Gill's] cell wherein they soaked him in pepper spray and physically 'roughed him up'." Compl. ¶ 19. Gill was later found dead, "sitting on the floor of the cell and slumped over forward." Compl. ¶ 21.

Plaintiff Debbie Gill brought suit on behalf of Gill's estate (collectively, "Gill") against Pike County, Mississippi ("the County") and several individual members of the Pike County Sheriff's Department. Defendants Dustin Beck, Allen Frye, Brice Wilkinson, and Ed Schwing are deputies. And Defendants Roger

Edmons, Darius Conerly[2], and Jeremy Magee are jailers. The complaint brings claims for denial of medical care / failure to prevent death and Fourth Amendment unreasonable seizure against the individual defendants and the County. The defendants have moved to dismiss the claims.

## II. Analysis

### A. Motion to Dismiss

The defendants have moved for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c) as they have answered the Complaint. "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." Guidry v. Am. Public Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). The plaintiff must plead sufficient facts so that the Court may reasonably infer the defendant's liability for the alleged misconduct. Id. "[A] plaintiff armed with nothing more than conclusions cannot unlock the doors of discovery." Doe v. Robertson, 751 F.3d 383, 393 (5th

---

[2] The Complaint names Darius Coleman, but the Defendants aver that he is named Darius Conerly in their motions. See Mot. Dismiss 1 n.1, ECF No. 7.

Cir. 2014) (internal quotations omitted).

When a defendant raises the defense of qualified immunity, it creates a heightened pleading standard. See Schultea v. Wood, 47 F.3d 1427, 1430 (5th Cir. 1995) (finding "that nothing in Leatherman[ v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993),] disturbed our holding in Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985), that complaints in [cases involving the qualified immunity of individual defendants] be pled with factual detail and particularity"). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff['s] injury." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999). "To overcome the qualified immunity defense at the pleading stage, [a plaintiff] must allege that the objectionable conduct violated a right that was 'clearly established at the time,'" Morgan v. Swanson, 755 F.3d 757, 759 (5th Cir. 2014) (quoting Pearson v. Callahan, 555 U.S. 223, 227 (2009)), and was not "objectively reasonable in light of clearly established law," Nunez v. Simms, 341 F.3d 385, 387 (5th Cir. 2003).

## B. State Law Claims

The defendants moved to dismiss Gill's state law claims arguing the applicability of the Mississippi Tort Claims Act. Gill responded to the motion "conced[ing] that [he] is only asserting Federal Constitutional claims." Resp. 1, ECF No. 11. Therefore, to

4

the extent that the facts contained in the Complaint could be read to assert state law claims, the Court will grant the motion to dismiss.

### C. Federal Claims

The defendants argue that Gill has not pled his claims with sufficient specificity to meet the heightened pleading requirement. The defendants' chief complaint seems to be the use of collective reference to the deputies and jailers who are identified individually at the beginning of the Complaint. While "collective allegations" have been held to be insufficient in the face of heightened pleading, see Bivens v. Forrest Cnty., No. 2:13cv8, 2015 WL 1457529, at *7 (S.D. Miss. Mar. 30, 2015), the Court will not apply this rule to prohibit linguistic convenience when the antecedents are clear. Gill refers to previously identified "deputies" and "jailers", not merely "defendants". Further, it appears that greater specificity in these facts is peculiarly within the hands of the defendants because Gill is deceased.

The facts alleged in the Complaint are (1) that Gill was arrested by sheriff's deputies and taken to the Pike County Jail; (2) that Walker informed the deputies Gill needed medical attention; (3) that Gill requested medical attention from the jailers in the Pike County Jail; (4) that the jailers used physical force and pepper spray on Gill while in the Pike County Jail; (5) that Gill died while incarcerated and (6) that the deputies and

jailers acted pursuant to a policy of the County. These allegations are sufficient to state Gill's claims for denial of medical treatment and excessive force. Therefore, the Court will deny the motion to dismiss based on qualified immunity to allow discovery related to the immunity defense. The defendants may reassert this defense after the close of discovery.

### III. Order

IT IS HEREBY ORDERED THAT the Motion to Dismiss State Law Claims is GRANTED.

FURTHER ORDERED that the Motion to Dismiss Federal Claims is DENIED.

SO ORDERED this the 23rd day of September 2015.

      /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE